IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America<br><br>v.<br><br>Warren Jermaine Wigfall | Crim. No. 4:07-cr-00631-TLW<br><br>**Order** |

This matter is before the Court on Defendant Warren Wigfall's pro se motion for a sentence reduction under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 132. For the reasons set forth below, his motion is denied without prejudice.

## BACKGROUND

On December 3, 2007, Wigfall pled guilty to conspiring to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base. On April 29, 2008, this Court sentenced Wigfall to 120 months on the drug conspiracy count and 60 months consecutive on the 924(c) count for a total of 180 months' imprisonment followed by 8 years of supervised release. ECF Nos. 66, 68. On May 7, 2014, pursuant to the Government's Rule 35(b) motion, this Court reduced Wigfall's sentence to 159 months' imprisonment. ECF Nos. 93, 100, 102. On November 10, 2014, this Court reduced his sentence pursuant to Guideline Amendment 780. ECF No. 104, 105.

After completing his period of incarceration, Wigfall violated the terms of his federal supervised release by committing new drug offenses. On December 12, 2018, Wigfall pled guilty to state charges of trafficking cocaine more than 28 grams, 2nd offense and possession with intent to distribute cocaine base, 2nd offense. SVRR ¶¶ 1,

1

3. He was sentenced to 5 years' incarceration in state prison, a sentence he is currently serving. *Id.* Based on the state drug conduct and conviction, this Court revoked his supervised release and sentenced him to 30 months' imprisonment to run consecutively to the state-imposed sentence. ECF Nos. 129, 131. As stated, Wigfall is now incarcerated in state custody serving the 5-year state sentence to which this Court made his federal revocation sentence consecutive. ECF No. 132. He has not begun service of the federal revocation sentence imposed by this Court.

The motion states that Wigfall is seeking compassionate release due his general concerns relating to the impact of COVID-19. He acknowledges in his motion that he is currently in the South Carolina Department of Corrections serving his state sentence. ECF No. 131 at 1. Wigfall states that the "COVID-19 virus outbreak is rapidly continuing to spread across the country in all prison systems." ECF No. 132 at 2. He asserts that he contracted COVID-19 last year and has completed numerous rehabilitation courses while incarcerated. *Id.* For the reasons set forth below, his motion is denied without prejudice.

## APPLICABLE LAW

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582. However, a court may reduce a defendant's sentence pursuant to § 3582(c)(1)(A)(i), subject to exhaustion of administrative remedies. A defendant may bring a motion for compassionate release pursuant to § 3582(c)(1)(A) only "after [(1)] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [(2)]

2

the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

This statute requires an inmate to exhaust administrative remedies prior to seeking relief in this Court. *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); *United States v. Monzon*, No. 99cr157 (DLC), 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020) (denying motion for reduction of sentence because the defendant failed to exhaust his administrative remedies).

## DISCUSSION

Here, Defendant does not allege that he has exhausted his administrative remedies, nor does he provide proof of exhaustion in light of the fact that he is not currently in federal custody and has no BOP facility or warden to whom to submit a request for a reduction in his sentence. The Court concludes that once Defendant is in federal custody, he may refile a motion for compassionate release following the procedures set forth in § 3582(c). Until Defendant completes his state sentence, § 3582(c)(1)(A) provides no basis for his release from custody. *See United States v. Binns*, 2020 WL 2488241, at *1 (S.D.N.Y. May 14, 2020)(unpublished)(compassionate release request by defendant serving a state sentence to which his federal revocation sentence was consecutive, denied because the defendant was then in state rather than BOP custody. "The Court certainly cannot alter…[defendant's] state sentence under Section 3582… .")(*citing Williams v. Keiser*, 2020 WL 5051370, at *3 (W.D.N.Y. April 28, 2020)(compassionate release request by defendant serving a state sentence

3

to which his federal sentence was concurrent, denied because defendant was in state custody and the Court ruled it did "not have the authority to alter his state sentence under § 3582", and further reasoning, "[e]ven if this Court were to reduce his federal term of imprisonment, that would not result in any change to his state sentence.")(emphasis in original); and *Herrera v. Johnson*, 2021 WL 5051370, at *3 (D. Utah Nov. 1, 2021)("the Court does not have the authority to order a compassionate release from state custody, which is a matter of state law.")(internal quotations and citations omitted).

Accordingly, because Wigfall has failed to exhaust the administrative requirements, which he is unable to do in light of the fact he is not in federal custody, his motion, ECF No. 132, is **DISMISSED WITHOUT PREJUDICE**. Because this motion is dismissed without prejudice, Wigfall, if he so chooses, may refile his motion once his federal revocation sentence begins.

    **IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Senior United States District Judge

April 26, 2022
Columbia, South Carolina

4